UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WANDA PFEIFFER

CIVIL ACTION

VERSUS

NUMBER 07-616-RET-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 14, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WANDA PFEIFFER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-616-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Wanda Pfeiffer brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability benefits.

**Background**

Plaintiff was 55 years of age at the time of the ALJ's decision.[1]  Plaintiff attained her GED in 1979 and completed nurse's assistant training in 1988. Plaintiff's past relevant work consisted of employment as a nursing assistant and baby sitter. Plaintiff claimed she was no longer able to work beginning December 31, 2002, because of multiple conditions that limited her ability to work - diabetes, arthritis, high cholesterol, heart problems, memory loss, anxiety disorder, depression, and kidney problems.  In

---

[1] Under the regulations, individuals 55 years and older are classified as persons of advanced age.  20 C.F.R. §§ 404.1563(e).

June 2004, the plaintiff applied for disability benefits.[2] Plaintiff's application was denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ). The ALJ held a hearing in December 2006 and issued an unfavorable decision on January 23, 2007.[3]

The ALJ found that the plaintiff had not engaged in substantial gainful activity, since the alleged onset date of her disability December 31, 2002, through the date she was last insured for benefits, December 31, 2005.  At the second step of the five step sequential disability analysis, the ALJ determined that the plaintiff had a combination of severe physical and mental impairments - diabetes mellitus, obesity, arthritis in the shoulders and hips, and depression.  At step three the ALJ concluded that the plaintiff's combination of impairments did not meet or medically equal one of the listed impairments found in Appendix 1 of 20 C.F.R. Part 404, Subpt. P.[4]

In order to determine whether the plaintiff could do either her past relevant work or make an adjustment to other work in the national economy, the ALJ had to evaluate the plaintiff's residual functional capacity (RFC) to perform work-related activities.  The ALJ found that the plaintiff had a residual functional capacity for

---

[2] AR pp. 72-97.

[3] AR pp. 14-38, 57, 450-79.

[4] AR pp. 19-21.

a limited range of light work,[5] specifically:

> [T]he claimant had the residual functional capacity to lift and carry 20 pounds occasionally, eight pounds frequently; sit, stand, and walk six hours out of an eight-hour workday with the need to change position every half hour. Refrain from climbing ropes and ladders; avoid fumes intense heat and no sunlight.[6]

The evidence showed, however, that the plaintiff's past relevant work was classified as medium.[7] Therefore, considering the plaintiff's description of her past employment and the testimony of vocational expert Thomas Mungal, the ALJ concluded at step four that the plaintiff would no longer be able to do her past relevant work as a nurse's assistant or baby sitter.[8]

The ALJ relied again on the testimony of vocational expert at the fifth and final step of the disability analysis.[9] In response to the ALJ's questioning, Mungal testified that the positions of customer service representative, receptionist and information clerk would fall within the hypothetical question presented by the ALJ.

---

[5] 20 C.F.R. § 404.1567(b)(definition of light work).

[6] AR p. 21.

[7] 20 C.F.R. § 404.1567(c)(definition of medium work).

[8] AR pp. 22, 79-86, 476-77.

[9] The ALJ determined that the plaintiff's ability to perform substantially all the requirements of light work was affected by additional limitations. Therefore, the ALJ correctly obtained vocational expert evidence at step five of the analysis. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

The ALJ cited this evidence in his written decision and concluded that the plaintiff was not disabled because she was capable of making a successful adjustment to alternative work that exists in significant numbers in the national economy.[10]

Plaintiff requested review of the ALJ's decision to the Appeals Council, which denied the request for review on June 26, 2007. AR pp. 5-10.  Therefore, the Commissioner's decision denying the plaintiff's application for disability benefits is final and appealable under 42 U.S.C. § 405(g).

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less

---

[10] AR pp. 22-23, 476-78.

than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).[11]

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.  *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable

---

[11] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

5

physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. § 404.1505.  The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability benefits.  20 C.F.R. § 404.1520.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that her impairment matches a Listing she must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.  To show that her impairments

are equivalent to a Listing impairment, the claimant must present medical findings equal in severity to all the criteria for the impairment most like his impairment. *Id.*; 20 C.F.R. § 404.1526.

At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work.  The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that she is no longer capable of performing any of her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in significant numbers in the national economy. *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

## **Analysis**

Plaintiff asserted that the ALJ's decision contains errors of law and is not based on substantial evidence. Plaintiff's specific claims of error were as follows: (1) the ALJ erred by finding that depression was a severe impairment, but failing to provide any restrictions caused by the depression in the plaintiff's residual functional capacity, (2) the ALJ erred by failing to confirm that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles (DOT) as required by SSR 00-4p, and (3) the ALJ erred by discrediting the plaintiff's testimony in a conclusory statement and failing to explain his finding as

7

required by SSR 96-7p.

A review of the administrative record as a whole demonstrates that the plaintiff's first argument has merit, and requires reversal and remand for reevaluation of the plaintiff's claim.

The record contains extensive, uncontested evidence of the plaintiff's physical and mental impairments, and also the treatment and medications she received for these conditions.[12] Generally, the medical evidence consisted of doctor's notes, tests and reports which establish that the plaintiff receives ongoing treatment and medications for poorly controlled diabetes, obesity, arthritis, depression and related symptoms. Consistent with this evidence, at step two of the disability analysis, the ALJ indeed found that the plaintiff had a "severe" mental impairment. The ALJ stated:

> After a thorough examination of the evidence, the Administrative Law Judge finds the claimant has a mild degree of restriction in activities of daily living; moderate difficulties in maintaining social functioning; and none to mild restriction in maintaining concentration, persistence, and pace.
>
> There is no evidence of episodes of decompensation in work or work-like settings of an extended duration. The evidence supports a finding that the claimant's **mental impairment has more than minimal adverse affect** on his/her ability to perform basic work activities **and is**

---

[12] The medical evidence consists mainly of the plaintiff's progress/treatment notes from the Veteran's Administration Hospital and the Medical Center of New Orleans. The Commissioner does not dispute that the plaintiff has multiple severe impairments. It is unnecessary to recite or summarize all of the medical evidence in this report.

**found to be severe.**[13]

Nevertheless, when the ALJ made his residual functional capacity finding, he did not mention the plaintiff's mental impairment - depression. Nor did he include any limitations or restrictions resulting from this impairment in his RFC determination. Thus, there is an apparent discrepancy between the ALJ's RFC finding and his finding at step two that depression was one of the plaintiff's severe impairments. AR pp. 19-21. This discrepancy demonstrates that the ALJ's RFC determination, which failed to include any reference to depression or limitations resulting from the depression, is erroneous and not supported by substantial evidence.

The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process. 20 C.F.R. § 404.1520(e). This error did not affect the ALJ's fourth step determination that the plaintiff did not have a residual functional capacity to perform her past relevant work.[14] However, the error in the ALJ's RFC finding is fatal to his conclusion at step five that the plaintiff is able to perform other work that exists in significant numbers in the

---

[13] AR p. 21 (emphasis added).

[14] Plaintiff had a residual functional capacity for a limited range of light work. This precluded performance of her past relevant work which was all medium in exertional level.

national economy.[15] The ALJ determined at the fifth step that the plaintiff was not disabled, and relied on vocational testimony to establish the existence of alternative work which the plaintiff could do despite her severe impairments. When the ALJ questioned the vocational expert, his question essentially tracked the erroneous RFC determination, which did not include depression or any limitations/restrictions related to depression.[16] Because the description of the plaintiff's residual functional capacity included in the hypothetical question was deficient, the occupations identified by the expert and relied on by the ALJ - customer service representative, receptionist and information clerk - cannot support the ultimate conclusion that the plaintiff is not disabled.[17]  It is well established that a vocational expert's responses to a defective hypothetical cannot support the Commissioner's finding that there is other work that the plaintiff can do.[18]

---

[15] Plaintiff accurately articulated why this RFC error requires reversal and remand for reevaluation of her claim for benefits. *See*, Plaintiff's Memorandum in Support of Her Claim for Relief, record document number 12, pp. 13-15.

[16] AR pp. 21, 477.

[17] *Bowling*, *supra, citing*, *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

[18] Under *Bowling* the hypothetical question submitted to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant or his representative must be given the opportunity to correct
(continued...)

Plaintiff's two remaining arguments have some merit, but the record supports a finding that these were harmless errors. The plaintiff's substantial rights were not affected by the errors.[19] Nevertheless, because remand is warranted on the first error, on remand the Commissioner should review compliance with the two Social Security Rulings cited by the plaintiff - SSR 00-4p and SSR 96-7p.

Plaintiff argued that the ALJ did not comply with SSR 96-7p.[20] Plaintiff asserted that the ALJ discredited the plaintiff's statements in a conclusory fashion without any supporting explanation, and failed to give specific reasons for his credibility finding.[21] The record shows, however, that the ALJ did

---

[18](...continued)
deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question. The impairments and limitations of the claimant recognized by the ALJ and included in the hypothetical must be supported by the evidence. *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000); *Masterson*, 309 F.3d at 273.

[19] Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJs decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988).

[20] POLICY INTERPRETATION RULING TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, SSR 96-7p, July 2, 1996, 1996 WL 374186.

[21] Plaintiff cited the following statement in the ALJ's decision:

(continued...)

cite SSR 96-7p in his written decision.[22] Moreover, his analysis/discussion of the evidence that preceded his conclusion shows that he adequately addressed the evidence related to the factors that are set forth in SSR 96-7p. The ALJ's analysis was not inconsistent with SSR 96-7p, and any failure by the ALJ to specifically cite the factors or delineate the evidence related to each factor was harmless.

Plaintiff also pointed out that the ALJ stated in his decision that the expert's testimony was consistent with the DOT, but at the hearing did not ask the vocational expert if the evidence he provided conflicted with information provided in the DOT. AR pp. 23, 476-78. However, the record does not support the plaintiff's contention that this is reversible error. Plaintiff did not establish how she was prejudiced by the ALJ's failure to directly question the expert on this point. In other words, the plaintiff failed to explain how the ALJ's adherence to SSR 00-4p[23] might have

---

[21](...continued)
After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
AR p. 22.

[22] AR p. 21.

[23] POLICY INTERPRETATION RULING: TITLES II AND XVI: USE OF VOCATIONAL EXPERT AND VOCATIONAL SPECIALIST EVIDENCE, AND OTHER
(continued...)

12

led to a different decision.[24]  Nor did the plaintiff argue or suggest that there is any apparent, actual or implied conflict between the expert's testimony in this case and the DOT.  Again, the plaintiff's substantial rights were not affected.  Plaintiff's argument that his case must be remanded because of the ALJ's alleged failure to comply with SSR 00-4p is unpersuasive.

## Conclusion

The ALJ's error in determining the plaintiff's residual functional capacity requires reversal of the finding at the fifth and final step that the plaintiff is not disabled.  This action should be remanded for evaluation of the plaintiff's claim in accordance with the proper legal standards, and obtaining any additional medical, vocational or other evidence needed for the new evaluation.

## Recommendation

It is the recommendation of the magistrate judge that, under

---

[23](...continued)
RELIABLE OCCUPATIONAL INFORMATION IN DISABILITY DECISIONS, SSR 00-4p, December 4, 2000, 2000 WL 1898704.

[24] *See, DeLeon v. Barnhart*, 174 Fed.Appx. 201 (5th Cir. 2006)(where claimant alleged that the ALJ failed to discover and address conflicts between the testimony of the expert and DOT, claimant not entitled to relief unless she can establish that she has been prejudiced by alleged error), *citing*, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Jasso v. Barnhart*, 102 Fed.Appx. 877 (5th Cir. 2004); *Romine v. Barnhart*, 454 F.Supp.2d 623, 628 (E.D. Tex. 2006)(same).

sentence four of 42 U.S.C. §405(g), the final determination of the Commissioner of Social Security Michael J. Astrue denying the application for disability income benefits filed by plaintiff Wanda Pfeiffer be reversed, and this action be remanded to the Commissioner for reevaluation of the plaintiff's claim for disability income benefits.

Baton Rouge, Louisiana, April 14, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE